IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BERNARD REDO, § | |
| (TDCJ-CID #490317) § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-09-0679 |
| § | |
| BOT WAREHOUSE CLASSIFICATION § | |
| DEPARTMENT, *et al.*, § | |
| § | |
|     Defendants. § | |

**MEMORANDUM AND OPINION**

Bernard Redo, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in March 2009, alleging civil rights violations resulting from a denial of release to mandatory supervision. Redo, proceeding *pro se* and *in forma pauperis*, sues the BOT Warehouse Classification and the Texas Board of Pardons and Paroles ("Board").

The threshold issue is whether Redo's claims should be dismissed as frivolous. The court concludes that Redo's claims lack merit and should be dismissed for the reasons stated below.

**I.      Plaintiff's Allegations**

Redo explains that his mandatory supervision discharge date was February 7, 2009. On February 9, 2009, Redo spoke to Ms. Brazile in the Classifications Department. The Board told Ms. Brazile that it would not honor Redo's mandatory supervision discharge date. The Board would require Redo to serve his sentence, and he would be released on April 15, 2011.

Redo provides a letter dated February 23, 2009, from the State Counsel for Offenders, a Division of TDCJ. (Docket Entry No. 1, Complaint, Ex. C, p. 1). The letter advised Redo that his

prison records were audited prior to the scheduled release to mandatory supervision. The audit revealed an error in his first jail date. The records were corrected to reflect that his first jail date was October 7, 1991, not August 2, 1990. This caused Redo's projected release date and maximum discharge date to be postponed.

Redo seeks compensation of $7.00 per hour for twenty-four hours a day for each day he remains confined after February 7, 2009.

## II. Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Plaintiff seeks monetary and injunctive relief for his unconstitutional imprisonment when the Board and TDCJ refused to consider him for mandatory supervision release. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court stated that in order to recover damages for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck,* 114 S. Ct. at 2372; *see also Boyd v. Biggers,* 31 F.3d 279 (5th Cir. 1994). Although the *Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief may also be made pursuant to *Heck. See Clarke v. Stalder,* 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey), cert. denied,* 525 U.S. 1151 (1999).

In *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Supreme Court repeated its long-held conclusion that prisoners must challenge their claims in habeas if "they seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81. A state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82. Following *Wilkinson,* the Fifth Circuit held that claims requesting immediate or speedier release to mandatory supervision are properly presented in habeas. *See Kennedy v. State of Texas Pardons and Paroles,* 136 F. Appx. 712, *713 (5th Cir. 2005)(citing *Cook v. Texas Dep't of Crim. Justice Transitional*

*Planning Dep't*, 37 F.3d 166, 169 (5th Cir. 1994)).

In *Asif v. Scott*, 244 F.3d 135 (Table), 2000 WL 1901547 (5th Cir. 2000), Asif challenged the district court's dismissal of his civil rights action under *Heck v. Humphrey*, 512 U.S. 477 (1994). Asif argued that because he was challenging the defendants' failure to release him to mandatory supervision, rather than his actual conviction, *Heck* did not apply. *Heck* is implicated by an action attacking the viability of probation or parole proceedings. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir. 1995). Finding that Asif had failed to show that his denial of mandatory supervision has been reversed, expunged, declared invalid, or called into question, the Fifth Circuit, in an unpublished opinion, affirmed the district court's dismissal under *Heck*.

Redo seeks compensation for his illegal confinement past his scheduled mandatory supervision release date. (Docket Entry No. 1, Complaint, p. 4). Redo's pleadings as well as this court's online research confirm that he has not satisfied the favorable termination requirement set out in *Heck*. Because Redo has not shown that his allegedly unjust imprisonment, past his mandatory supervision release date, has been set aside or declared unlawful, his complaint for damages cannot be considered until he makes such a showing. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). As a result, Redo's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See Heck, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161. Redo is barred from maintaining a civil cause of action unless and until he receives a ruling declaring his imprisonment, during the time he claims to have been denied consideration for mandatory supervised release, invalid. *Heck*, 512 U.S. at 488-89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable

termination requirement of *Heck,* he is barred from any recovery....").

Redo's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

### III. Conclusion

Redo's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is GRANTED. The action filed by Bernard Redo (TDCJ-CID Inmate #490317) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must deduct twenty percent of each deposit made to Redo's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on June 17, 2009.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE